UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
LAURIE LONGMORE

                       Plaintiff         Civil Action No.: 709cv104

    v.                                   **COMPLAINT**   GTS/GJD

COHEN AND SLAMOWITZ, LLP

                       Defendant
_____

### PRELIMINARY STATEMENT

1. This is an action for statutory damages and declaratory judgment by the Plaintiff against Cohen and Slamowitz, LLP ("Defendant") under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §§ 1692a, et. seq., and for common law claim of fraud.

### JURISDICTION

2. This court has jurisdiction under 15 U.S.C. §1692k(d), 28 U.S.C. §1331 and supplemental jurisdiction as per 28 U.S.C. §1367(a). This court has venue pursuant to 28 U.S.C. §1404 in that all relevant activity in the case took place in the Northern District of New York.

### PARTIES

3. Plaintiff, Laurie Longmore is a resident of Jefferson County, New York. She is a "consumer" as defined in 15 U.S.C. § 1692a(3).

4. Defendant, Cohen and Slamowitz, LLP is a limited liability partnership duly organized and existing under the laws of the State of New York. Its principal place of business is Woodbury, New York. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

5.  Discover Bank, one of Defendant's clients, claimed that the Plaintiff owed credit card debt.

6.  Defendant sent a letter, dated December 7, 2007 to the Plaintiff on behalf of their client indicating that Plaintiff should call them to avoid being sued. *See Exhibit "A" attached hereto*.

7.  Upon receipt of Defendant's letter dated December 7, 2007, Plaintiff called and spoke with Defendant's agent, Beverly (last name unknown).

8.  Plaintiff and the agent agreed on a payment plan on the alleged debt, and the agent told Plaintiff that she would be sent a stipulation which outlined the agreement. Plaintiff was assured the plan was accepted. However, Plaintiff never received the stipulation.

9.  After the phone call, Plaintiff understood that the debt issue and Discover Bank's potential suit against her was resolved. Accordingly, Plaintiff did not hire an attorney.

10. Plaintiff made payments on or about December 29, 2007 and January 29, 2008, March 3, 2008, March 31, 2008, and April 29, 2008 as per the agreement made with Defendant.

11. On or about January 28, 2008, Plaintiff's children found a summons on the fence of her house. *See Exhibit "B" attached hereto.*

12. Plaintiff was not sure what the document was, so she immediately called Defendant asking what it meant.

13. Defendant's agent Beverly, told Plaintiff that "everything was okay," "not to worry about it" and that it was "nothing."

14. Based on these statements, Plaintiff did not take any further action and continued to make her regular payments under the agreement as described above.

15. Defendant, on the other hand, took a default judgment against Plaintiff on or about May 19, 2008.

16. Plaintiff was not aware of this judgment until she found out that her bank account had been frozen.

### AS AND FOR A FIRST CAUSE OF ACTION: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff repeats and realleges the statements of paragraphs 1 through 16 as if fully rewritten herein.

18. Defendant, through its agent, made a false representation to the Plaintiff that the summons found on the fence did not require action by Plaintiff.

19. Summons is a legal document and a person served with it is required to appear in court or respond in writing and Defendant had reason to know this.

20. As a result, Defendant's statement that the summons was "nothing" and not anything to worry about, and that "everything was okay" is a false and misleading statement in connection with the collection of a debt in violation of 15 U.S.C. § 1692e(15).

21. Plaintiff is entitled to recover her actual damages, statutory damages of $1000.00, and other expenses under 15 U.S.C. § 1692k(a)(1), 1692k(a)(2)(A), 1692k(a)(3).

### AS AND FOR A SECOND CAUSE OF ACTION: FRAUD

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 as if fully rewritten herein.

23. In New York, the elements of a cause of action for fraud are a representation concerning a material fact, falsity of that representation, scienter, reliance and damages.

24. Defendant law firm gave Plaintiff false information regarding the meaning and purpose of the Summons. Specifically, Plaintiff asked what the Summons was, and Defendant's agent Beverly, stated that the Summons was nothing to worry about. Defendant, having caused the Summons to issue, knew the true legal meaning of the document.

25. Defendant knew or should have known that the information it provided to Plaintiff regarding the Summons was false.

26. Plaintiff reasonably relied on that false statement and did not take the necessary actions to protect her legal rights.

27. As a result, she suffered damages because her bank account was frozen based on that reliance.

28. Accordingly, Plaintiff is entitled to actual damages and any other damages the Court deems appropriate under New York law.

**PRAYER FOR FRELIEF**

Plaintiff, Laurie Longmore respectfully requests that this Court:

1. Enter declaratory judgment that Defendant Cohen and Slamowitz, LLP has violated the Fair Debt Collections Practice Act, 15 U.S.C. § 1692e(15).

2. Award actual damages under 15 U.S.C. §1692(k)(a)(1).

3. Award statutory damages in the amount of $1,000 under 15 U.S.C. §1692(k)(a)(2)(A).

4. Award costs and reasonable attorney's fee as determined by the court under 15 U.S.C. §1692(k)(a)(3).

5. Enter a declaratory judgment that Defendant committed fraud, and award damages this Court deems appropriate.

6. Award such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff respectfully demands trial by jury on each and every issue of the Complaint.

Dated: January 27, 2009

Respectfully submitted,

 /s Gary Pieples  
Gary Pieples, Esq.  
Attorney for Plaintiff  
Syracuse University College of Law  
Office of Clinic Legal Education  
P.O. Box 6543  
Syracuse, New York 13217-6543  
Telephone: (315) 443-4582  
Facsimile: (315) 443-3636

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
LAURIE LONGMORE

                              Plaintiff          Case No.:

v.

COHEN AND SLAMOWITZ, LLP

                              Defendant
_____

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 27, 2009, I Gary Pieples electronically filed the foregoing with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

    Cohen and Slamowitz, LLP
    199 Crossways Park Dr.
    Woodbury, NY 11797-9004

                                                                                       _____
`                                                                            Gary Pieples
                                                                            Syracuse University College of Law
                                                                            Office of Clinic Legal Education
                                                                            P.O. Box 6543
                                                                            Syracuse, New York 13217-6543
                                                                            Telephone: (315) 443-4582
                                                                            Facsimile: (315) 443-3636

*Will not accept service by facsimile.*